UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DERRICK BARNETT                                                                                      PLAINTIFF

V.                                                                        CIVIL ACTION NO.1:10CV6-SA-JAD

EAST SIDE JERSEY DAIRY, INC.                                                                DEFENDANT

## ORDER

Before the Court is Defendant East Side Jersey Dairy, Inc.'s Motion to Dismiss [31]. After reviewing the motion, rules, and authorities, the Court finds as follows:

On January 28, 2011, the Court entered an Order [30] allowing Plaintiff's counsel to withdraw. The Order also instructed Plaintiff to either retain new counsel or inform the Court of his intention to proceed pro se within thirty days of the Order. On March 16, 2011, Defendant filed a Motion to Dismiss, alleging that Plaintiff failed to comply with the Court's Order [30]. The Court, also on March 16, 2011, entered a Show Cause Order [33] requiring Plaintiff to show cause as to why he failed to comply with the Court's prior Order and why sanctions should not be imposed. Plaintiff failed to respond to this Show Cause Order within fourteen days. However, on April 1, 2011, Plaintiff's counsel filed a Notice of Attorney Appearance [34] and a Response to Order to Show Cause [35]. Plaintiff asserts that on March 31, 2011, he retained new counsel, and that he had difficulty obtaining counsel before then due to limited transportation and funds.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d

1

734 (1962)). Such a dismissal may be with or without prejudice. See Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. Id.; see also Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).

In this case, the Court finds a dismissal to be unnecessary. There is no evidence – or allegation – that the Defendant has suffered or will suffer any prejudice as a result of Plaintiff's delay in retaining counsel. In fact, the Defendant did not even respond to Plaintiff's response. While the Court has inherent power to dismiss a case when a litigant fails to comply with a Court order, the Court concludes that, here, a dismissal – even a dismissal without prejudice – is unwarranted. Accordingly, Defendant's Motion to Dismiss [31] this action due to Plaintiff's failure to comply with the Court's Order is denied.

SO ORDERED on this, the ___14th____ day of June, 2011.

/s/   Sharion Aycock
**UNITED STATES DISTRICT JUDGE**