IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DERRICK BARNETT**                                                                           **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO: 1:10CV6-SA-DAS**

**EAST SIDE JERSEY DAIRY, INC.**                                **DEFENDANT**

## OPINION AND ORDER

This action arises from an automobile accident occurring on February 4, 2008, on Highway 9 between Plaintiff, Derrick Barnett, and a commercial truck owned and operated by Defendant, East Side Jersey Dairy, Inc. Two different versions of the accident are alleged by the respective parties: Plaintiff asserts that Defendant crossed the center line, traveled into the median, and collided with Plaintiff as he attempted to turn onto Highway 178. Defendant, on the other hand, alleges that Plaintiff attempted a left-handed turn across traffic, failing to yield to the right-of-way.[1]

In Plaintiff's Complaint, Plaintiff alleges that Defendant committed the following negligent acts: (1) failure to yield the right-of-way to the automobile being operated by Plaintiff; (2) failure to keep a proper lookout as required by law; (3) failure to keep the vehicle under proper control; (4) failure to avoid collision with the automobile driven by Plaintiff; (5) operating a vehicle in the median; and (6) driving at an excessive speed in view of the darkness and fog that existed at the time of the accident. Presently before the Court is Defendant's Motion for Summary Judgment [46]. After reviewing the motion, response, rules, and authorities, the Court finds that Defendant's motion should be denied.

---

[1] Defendant has filed a counterclaim against Plaintiff.

1

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

Here, Defendant moves for summary judgment on one ground alone: that Plaintiff's claim must fail as a matter of law because Plaintiff failed to designate an expert, specifically an

"accident reconstructionist" expert.[2]  "The general rule in Mississippi is that expert testimony is not required where the facts surrounding the alleged negligence are easily comprehensible to a jury." Wal-Mart Stores, Inc. v. Johnson, 807 So. 2d 382, 388 (Miss. 2001).[3]  While it may very well be true that determinations as to how accidents occur involve some knowledge and application of the principles of physics and that an expert can be helpful to the jury in making its determinations as to speeds, see Whiddon, 822 So. 2d at 1063, this Court is not prepared to hold that expert testimony is mandated by law in this case. Walker v. Smitty's Supply, Inc., 2008 WL 2487793, at *4-5 (S.D. Miss. May 8, 2008) (rejecting the defendant's argument that summary judgment should be granted in a negligence action arising from an automobile accident based on the fact that plaintiff failed to designate an expert).  Given the nature of this action, a genuine dispute of material fact is present,[4] and the Court is loathe to find that the facts surrounding the Defendant's alleged negligence are not comprehensible by a jury.  Accordingly, Defendant's motion for summary judgment on the ground that an expert is required under Mississippi law in this action arising out of an automobile accident and sounding in negligence is DENIED.

So ordered on this, the __12th____ day of __December_____, 2011.


/s/   Sharion Aycock_____
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that many of the cases relied on by Defendant for the proposition that an expert is necessary involve medical malpractice actions, where expert testimony is obviously required.

[3] In Johnson, the Mississippi Supreme Court concluded that expert testimony was *not* required to establish that Wal-Mart, through some act or omission, caused an automobile's engine problems which in turn proximately caused the automobile accident at issue in the case. 807 So. 2d at 389.

[4] Defendant never once argues that material facts are not present here.

3