IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DERRICK BARNETT                                                                                   PLAINTIFF

V.                                                                        CIVIL ACTION NO: 1:10CV6-SA-DAS

EAST SIDE JERSEY DAIRY, INC.                                                           DEFENDANT

**OPINION AND ORDER**

This action arises from an automobile accident occurring on February 4, 2008, on Highway 9 between Plaintiff, Derrick Barnett, and a commercial truck owned and operated by Defendant, East Side Jersey Dairy, Inc. Two different versions of the accident are alleged by the respective parties: Plaintiff asserts that Defendant crossed the center line, traveled into the median, and collided with Plaintiff as he attempted to turn onto Highway 178. Defendant, on the other hand, alleges that Plaintiff attempted a left-handed turn across traffic, failing to yield to the right-of-way.[1]

In Plaintiff's Complaint, Plaintiff alleges that Defendant committed the following negligent acts: (1) failure to yield the right-of-way to the automobile being operated by Plaintiff; (2) failure to keep a proper lookout as required by law; (3) failure to keep the vehicle under proper control; (4) failure to avoid collision with the automobile driven by Plaintiff; (5) operating a vehicle in the median; and (6) driving at an excessive speed in view of the darkness and fog that existed at the time of the accident. On October 26, 2011, Defendant filed a motion for summary judgment [46]. Defendant's motion for summary judgment was based on one ground alone: that Plaintiff's claim must fail as a matter of law because Plaintiff failed to designate an

---

[1] Defendant has filed a counterclaim against Plaintiff.

expert. The motion appeared to focus solely on the fact that Plaintiff failed to designate an "accident reconstructionist" expert. After reviewing the motion, the Court entered a memorandum opinion and order denying Defendant's motion for summary judgment. Currently pending before the Court is motion for reconsideration filed by Defendant.[2] Through its motion, Defendant maintains that it also intended to move for summary judgment on the fact that Plaintiff failed to designate a medical expert as well as an expert in economics. The Court again finds that this motion should be DENIED.

"The general rule in Mississippi is that expert testimony is not required where the facts surrounding the alleged negligence are easily comprehensible to a jury." Wal-Mart Stores, Inc. v. Johnson, 807 So. 2d 382, 388 (Miss. 2001).[3] Here, many of the cases relied on by Defendant in its summary judgment motion for the proposition that an expert is necessary involve *medical malpractice actions*, where expert testimony is obviously required. This is not a medical malpractice case; instead, it is what appears to be a legally straightforward case stemming from an automobile accident. While Plaintiff's failure to designate an expert could certainly affect portions of Plaintiff's claim and his claim for damages, summary judgment for failure to

---

[2] The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but the Fifth Circuit Court of Appeals has held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). Ellis v. Miss. Dep't of Health, 2009 U.S. Dist. LEXIS 11441, *2, 2009 WL 279105 (N.D. Miss. Feb. 5, 2009); Williamson Pounders Architects, P.C. v. Tunica Cnty., 2008 U.S. Dist. LEXIS 55145, *2, 2008 WL 2856826 (N.D. Miss. July 21, 2008) (citing Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991)). "If the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls under Rule 59(e). If it is filed and served after that time, it falls under the more stringent Rule 60(b)." Williamson Pounders Architects, P.C., 2008 U.S. Dist. LEXIS 55145 at *2, 2008 WL 2856826.

[3] In Johnson, the Mississippi Supreme Court concluded that expert testimony was *not* required to establish that Wal-Mart, through some act or omission, caused an automobile's engine problems, which in turn proximately caused the automobile accident at issue in the case. 807 So. 2d at 389.

designate an expert on such damages[4] and/or "economics" is improper in this instance. Given the nature of this action, a genuine dispute of material fact is present,[5] and the Court is loathe to find that the facts surrounding the Defendant's alleged negligence are not comprehensible by a jury. Accordingly, Defendant's motion for summary judgment on the ground that an expert is always required under Mississippi law in an action such as this—that is, one arising out of an automobile accident and sounding in negligence—is **DENIED.**

**So ORDERED on this, the      19th         day of   April        , 2012.**


                                                        /s/   Sharion Aycock
                                                        **UNITED STATES DISTRICT JUDGE**

---

[4] See, e.g., MISS. CODE ANN. § 11-1-69:
(1) In any civil action for personal injury there may be a recovery for pain and suffering and loss of enjoyment of life. However, there shall be no recovery for loss of enjoyment of life as a separate element of damages apart from pain and suffering damages, and there shall be no instruction given to the jury which separates loss of enjoyment of life from pain and suffering. **The determination of the existence and extent of recovery for pain and suffering and loss of enjoyment of life shall be a question for the finder of fact,** subject to appellate review, and the monetary value of the pain and suffering and loss of enjoyment of life **shall not be made the subject of expert testimony.**

[5] Defendant never once argues that material facts are not present here.